# Third District Court of Appeal

## State of Florida

Opinion filed March 31, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2064
Lower Tribunal No. 22-11190-CA-01

_____


**Luis Castellanos, et al.,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Shield Law Group Florida, LLC, and Jamie Alvarez (Davie), for appellants.

Rothell Law Group, P.A., and Kristi Bergemann Rothell (Greenacres), for appellee.


Before EMAS, LOGUE and GORDO, JJ.

PER CURIAM.

Affirmed. See Perez v. Citizens Prop. Ins. Corp., 343 So. 3d 140, 142-44 (Fla. 3d DCA 2022) ("This Court reviews a trial court's ruling on a motion for summary judgment de novo. Where an insured provides late notice of their loss to the insurer, prejudice to the insurer will be presumed, and the insured must rebut said prejudice. The purpose of a provision for notice and proofs of loss is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it. If the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice. . . . It is well established that affidavits, such as those presented by plaintiff, which are based entirely upon speculation, surmise and conjecture, are inadmissible at trial and legally insufficient to create a disputed issue of fact in opposition to a motion for summary judgment. We agree with the trial court that Mr. Renne's affidavit was wholly conclusory and not adequately supported. . . . Mr. Renne's affidavit was insufficient to rebut the presumption of prejudice to Citizens resulting from Ms. Perez's delay in reporting the claim. The trial court was therefore eminently correct in its decision to grant summary judgment in favor of Citizens.") (internal quotation marks and citations omitted); Navarro v. Citizens Prop. Ins. Corp., 353 So. 3d 1276, 1279-81

2

(Fla. 3d DCA 2023) (same); <u>Bouchard v. Citizens Prop. Ins. Corp.</u>, 406 So. 3d 311, 313-15 (Fla. 3d DCA 2025) (same).